SMITH, Presiding Justice,
for the Court:
George F. Hollowell and his wife, Martha Phillips Hollowell, appeal from a judgment of the Circuit Court of Issaquena County which affirmed an order of the Board of Election Commissioners of that county denying the Hollowells the right to register as voters in Issaquena County.
At the conclusion of an evidentiary hearing conducted before the Election Commission on November 3, 1975, that body found upon the evidence adduced that the Hollo-wells were not residents of Issaquena County and were not entitled to be registered as voters in that county.
Among other things reflected by the evidence and found by the Commission was that in each of the years, 1973, 1974, 1975 and 1976, the Hollowells applied for, and *1329 had obtained pursuant to their applications, tax exemptions upon their homestead at Greenville, in Washington County. This was not denied but was, in fact, admitted.
We have examined the record of the evidence adduced before the Election Commission, and have concluded that the Commission’s findings of fact were supported by substantial evidence and were neither arbitrary nor capricious. Moreover, the order of the Commission denying registration to the Hollowells as Issaquena County voters was within its power to make and was not illegal or unconstitutional.
Although both signatures of the Hollo-wells were affixed to each of the Washington County applications for homestead exemption on their Greenville home (none was filed in Issaquena County) by Mrs. Hollowell, Mr. Hollowell testified that he had known of the making of these applications and, of course, had received the benefit of the exemptions. The Greenville home was described in the Hollowells’ application as “my home” and represented as “this same residence as the tax situs for all motor vehicles owned . . . ” and, under the heading “Above Description of Property in Homestead” represented:
(1) “This is the bona fide and only home of my family group, wherein we actually reside, and did on January 1,”, followed by the current year. Each application shows on its face that the applicant appeared in person before the assessor or the deputy and swore that all the statements contained in it were true and correct. (Emphasis added).
Having applied for and knowingly received the tax exemption on their Green-ville, Washington County home, upon the basis of their sworn representations that it was the applicants bona fide home and only home, applicants are precluded from asserting in these proceedings that these representations were not true and that their home or domicile was not, as represented, in Washington County but was in Issaquena County.
As the learned circuit court judge observed in his opinion upholding the action of the Election Commission, this case leaves uninfringed the Hollowells’ right to vote in Washington County, the county of their residence and domicile at the time of the proceedings before the Election Commission.
AFFIRMED.
PATTERSON, C. J., ROBERTSON, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.